## HOME OWNERS' LOAN CORPORATION
### *vs.*
## MADDALENA AMIRANTE ET ALS.

Superior Court      New Haven County      File No. 60564

MEMORANDUM FILED FEBRUARY 5, 1942.

*James T. Sullivan,* of New Haven, for the Plaintiff.

*Goldstein & Bracken,* of New Haven, for the Defendants.

SIMPSON, J.   This is a foreclosure proceeding.  The mort-gage sought to be foreclosed was acquired by the plaintiff on May 15, 1934, from Emiddio Amirante and Maddalena Amir-ante, husband and wife, on property situated in New Haven and then owned by them jointly.  The mortgage debt at that time was $5,649.45, and bore interest, when not in default, at the rate of five per cent per annum, and after default the interest was to be at the rate of six per cent.  Payments were to be made monthly, to be applied first on any interest that might be due, and then on principal.

On March 23, 1934, Maddalena Amirante quitclaimed her interest in the mortgaged premises to her husband Emiddio Amirante, and on March 24, 1934, Emiddio Amirante quit-claimed his interest in the mortgaged premises to Maddalena Amirante, his wife, and to Pasqualina Amirante Pisani, his married daughter, and to the survivor of them.

On March 9, 1939, the defendant, The Seaboard Coal Company of Connecticut, Inc., attached the mortgaged premises in a suit brought against Maddalena Amirante and Pasqualina Amirante Pisani returnable to the Court of Common Pleas of New Haven County. On June 22, 1939, the coal company obtained a judgment in its action for $120.03 plus costs of $34.31, and on July 25, 1939, duly filed a judgment lien on the mortgaged premises for the amount of said judgment and costs.

Under date of September, 1939, the plaintiff entered into an agreement with Maddalena Amirante (widow), Anthony Pisani and Pasqualina Pisani, extending the time and terms of pay-ment of said mortgage, under the terms of which the mort-gage obligation owing to plaintiff on December 15, 1939, was stated to be $5,873.14, which amount included the amount due on the principal of said mortgage, viz., $5,113.07, taxes paid by plaintiff on the mortgaged premises, viz., $653.27, and $107.80 interest due at that time. By the terms of the extension agreement the obligors became bound to pay the entire debt, and were to pay five per cent interest on the com-bined amount, viz., $5,873.14, and to pay the principal and interest by monthly payments in the same manner as provided in the mortgage, except that the monthly payments were to be somewhat less.

The defendant coal company claims that plaintiff is not en-titled to foreclose against it for the amount due in accordance with the terms of the mortgage as extended, and claims that plaintiff's remedy is to bring an action to have its original mortgage reinstated, and bring its action upon the mortgage as reinstated.

In support of the latter claim it cites the case of *Lomas & Nettleton Co. vs. Isacs,* 101 Conn. 614. That was an action to reinstate a mortgage which had been released by mistake of fact. The mortgage in the instant case has never been released. It still exists in all proper respects as an encum-brance on the premises sought to be foreclosed. The extension

agreement is merely used for purposes of establishing the amount of the debt as agreed upon as of December 15, 1939, and the time when and the manner in which the debt was to be paid.

The mortgage was not released by the extension agreement. "No change in the form of the indebtedness or in the mode or time of payment will discharge the mortgage." *Lomas & Nettleton vs. Isacs, supra,* p. 622. There was no new note given. The form of the debt remained the same. Nor would the change of the rate of interest change the identity of the debt. "An agreement by a mortgagee to extend the time for payment of the debt secured by a mortgage, whether endorsed on the instrument or otherwise evidenced, will continue the lien of the mortgagee, and all his rights and remedies thereunder for the new period." 41 *C.J. Mortgages* §952.

If, however, the extension agreement has the effect to add to the debt a sum or sums not included or collectible along with the original debt, a subsequent encumbrance may be prejudiced thereby. *Lomas & Nettleton Co. vs. Isacs, supra.* As of December 15, 1939, the principal of the debt then due was $5,113.07. To this was added $653.27 taxes which had been paid by the plaintiff. The payment of the taxes and including them in the debt then due in no way prejudiced the coal company. The plaintiff was entitled to recover the amount of the taxes so paid, with interest thereon from the date of payment, as a part of the mortgage debt. The fact that the agreement provided for payment of interest on the included amount of taxes which had been paid, therefore, in no way prejudiced the defendant coal company.

The debt as of December 15, 1939, included $107.80 interest then due. The agreement provided for payment of interest upon this interest, which plaintiff is not entitled to collect. To this extent the defendant coal company was prejudiced by the new agreement. This is necessarily a small item and might well have been disregarded, but if plaintiff will file a new proof of debt, in which the interest on the $107.80 is eliminated, I will then hear the parties on the law day.